UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AHMED AMARA, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 09-11802-JLT |
| | * |
| COPLEY PLAZA HOTEL OPERATING | * |
| COMPANY, d/b/a FAIRMONT COPLEY | * |
| PLAZA HOTEL, and FAIRMONT HOTELS | * |
| AND RESORTS (US), INC., | * |
| | * |
| Defendants. | * |

ORDER

November 18, 2010

TAURO, J.

After a Hearing held on November 16, 2010, this court hereby orders that:

1. Defendants' Motion for Partial Summary Judgment on Counts III–VI of Plaintiffs' Complaint as to Plaintiff Farouk [#35] is DENIED. Plaintiff Farouk's claims are not barred by the doctrine of issue preclusion. Plaintiff's prior arbitration does not bar him from now bringing his discriminatory and retaliatory termination claims. This action involves separate legal and factual issues from those considered at arbitration. Specifically, the arbitrator considered whether Defendants had just cause to terminate Plaintiff, not whether Defendants discriminated or retaliated against Plaintiff.[1] As well, Plaintiff is not barred from litigating his discriminatory

---

[1] See Jones v. Verizon Commc'ns, Inc., 2009 U.S. Dist. LEXIS 98735 (D. Mass. October 23, 2009) (rejecting defendant's collateral estoppel argument where arbitrator had determined that employer had cause to terminate employee but did not consider employee's discrimination claims); LaRosa v. United Parcel Serv., Inc., 23 F. Supp. 2d 136, 150–51 (D. Mass. 1998) (same); City of Boston v. Mass. Comm'n Against Discrimination, 39 Mass. App. Ct. 234 (1995)

      termination because he alleged only retaliation in his Massachusetts Commission Against Discrimination ("MCAD") charge. Plaintiff's new claim of discriminatory termination grew out of his MCAD charge and thus falls within the scope of his MCAD charge.[2]

2. Defendants' <u>Motion for Summary Judgment on All Counts of Plaintiffs' Complaint as to Plaintiff Laroussi</u> [#36] is DENIED. Plaintiff Laroussi's bankruptcy proceedings do not judicially estop this action, because Plaintiff sufficiently disclosed his claim against Defendants when he amended his bankruptcy schedule. Plaintiff's claims are not barred by res judicata because Defendants did not object to Plaintiff's decision to abandon his labor law claim to pursue the current action.[3] Finally, Plaintiff's claims are not barred by the doctrine of issue preclusion for the same reason that Plaintiff Laroussi's claims are not barred by issue preclusion.[4]

3. Defendant Fairmont Hotels and Resorts (US), Inc. ("Fairmont Corporate")'s <u>Motion to Dismiss the Amended Complaint</u> [#40] is DENIED. Plaintiffs'

---

(describing the lesser weight of an arbitrator's decision where the arbitrator considered whether the employer had just cause to terminate the plaintiff and did not consider whether the employer's reason was pretext).

[2] <u>See</u> <u>Navarro v. U.S. Tsubaki, Inc.</u>, 577 F. Supp. 2d 487, 503 (D. Mass. 2008) (citing <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996); <u>Edwin v. Blenwood Assocs., Inc.</u>, 9 F. Supp. 2d 70, 73 (D. Mass. 1998)); <u>Conroy v. Boston Edison Co.</u>, 758 F. Supp. 54, 59 (D. Mass. 1991).

[3] <u>See</u> <u>Calderon Rosado v. Gen. Elec. Circuit Breakers, Inc.</u>, 805 F.2d 1085, 1087 (1st Cir. 1986) ("[A] recognized exception to the general rule prohibiting claim splitting is that if the parties agree, or a defendant implicitly assents, to a plaintiff splitting his claim, then a judgment in an earlier action which would normally bar the subsequent action will not. And a defendant consents or acquiesces when he fails timely to object" (citations omitted)).

[4] <u>See</u> <u>supra</u> note 1.

administrative charges put Defendant Fairmont Corporate on notice that its conduct was at issue and Defendant had an opportunity to conciliate at the administrative level.[5]  Moreover, Defendant Fairmont Corporate has an identity of interest with Defendant Copley Plaza Hotel Operating Company.[6]

4. Defendants' Motion to Strike Exhibits to Affidavit of Michael Aleo in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment as to Plaintiff Laroussi [#50] is DENIED WITHOUT PREJUDICE to being re-raised at trial.

5. Defendants' Motion to Strike Exhibits to Affidavit of Michael Aleo in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment as to Plaintiff Farouk [#52] is DENIED WITHOUT PREJUDICE to being re-raised at trial.

6. The Joint Motion to Extend Deadline for Completion of Fact Discovery and for Filing of Motions Not Related to Trial [#68] is ALLOWED.  The discovery deadline and the deadline for filing motions for summary judgment is January 21, 2011.

IT IS SO ORDERED.

       /s/ Joseph L. Tauro  
      United States District Judge

---

[5] See Ashley v. Paramount Hotel Group, Inc., 451 F. Supp. 2d 319, 327 (D.R.I. 2006); Chatman v. Gentle Dental Ctr. of Waltham, 973 F. Supp. 228, 234–35 (D. Mass. 1997).

[6] See Ashley, 451 F. Supp. 2d at 327; Chatman, 973 F. Supp. at 235.